OPINION OF THE COURT
George E. Severson, S.
The problem before the court is what to do with money due a legatee who has refused to accept the same pursuant to the terms of a final decree entered in an executor’s final accounting. The present situation developed out of the settlement in open court of a will contest. Lillian M. Wooten, a daughter of the decedent, filed objections to the will. The contest was vigorously pursued by her and her attorney. After five days of *947 a trial before a jury, this complicated matter, which also involved other litigation in Supreme Court, was settled on a stipulation made in open court on the record in the presence of all interested parties and their attorneys. Pursuant to the terms of the settlement, the objectant Lillian Wooten was to receive $6,250 (including a $500 legacy pursuant to the will) in return for the withdrawal of all her objections. Additionally all Supreme Court matters involving the estate, Mrs. Wooten and the attorney for the estate were to be discontinued. There was excepted from the settlement an action brought by Lillian M. Wooten in Supreme Court against a bank which, according to her, negligently handled a joint account allegedly belonging to her and decedent resulting in damage to her.
A decree was entered on the stipulation and the will was admitted to probate on April 21, 1976 and letters testamentary issued the same day to Albert A. Whyley, the executor. No action was commenced, nor motion made to avoid the consequences of the stipulation by Lillian M. Wooten nor was any appeal taken from the decree.
The executor had qualified as preliminary executor on May 12, 1975. Subsequently the executor caused to be filed his final account which was approved by decree dated December 16, 1976. One of the provisions in the decree was that the sum of $6,250 be paid to Lillian M. Wooten pursuant to the stipulation. Again, no appeal was ever taken from this decree and tender of payment has been refused by Mrs. Wooten. She also refuses to execute the stipulations of discontinuances and releases called for by the settlement agreement and decrees entered herein. She was notified of all proceedings had herein and in addition to being represented by competent counsel, she was present in court during all of the afore-mentioned proceedings.
By separate order dated October 5, 1977 after notice to Mrs. Wooten, additional counsel fees in the sum of $750 were awarded to her attorney who was also given permission in the same order to resign as attorney for Mrs. Wooten. The sum was ordered paid from the money due Mrs. Wooten pursuant to the final decree rendered in the accounting proceedings.
It would seem that the solution to the problem here is offered by SCPA 2223 (subd 2): "2. If at the expiration of 6 months after the making of the decree it is shown to the court that payment of the legacy, distributive share or money cannot be made to the person entitled thereto, an order may *948 be made directing the payment thereof into court.” This section should be applied in a proper case where the person entitled to money unreasonably refuses to accept the same.
It is clear from the entire record herein that payment of the money due Lillian M. Wooten in the manner provided for in the settlement has been refused by her and the court so finds. Additionally, more than six months have passed since payment was directed to be made to her. The executor has done everything under his power to close this estate and has done so with the exception of the payment of this fund. Payment has been rendered impossible by the conduct of Mrs. Wooten. Having done his job, the executor is entitled to full and complete release of his responsibilities as executor and to be freed from worry necessarily flowing from his inability to terminate all aspects of this estate due to no fault on his part.
Accordingly, the check heretofore issued by the executor made payable to Lillian M. Wooten and her attorney dated December 15, 1976 in the sum of $6,250 and left in escrow with this court to be delivered upon the receipt of proper releases and stipulations shall be returned to the executor who is to void the same. One check for $750 shall then be issued to the former attorney for Mrs. Wooten, as and for his attorney fee as provided for in the separate order referred to above. The balance, $5,500, shall be paid into court by payment to the Commissioner of Finance of the County of Schenectady for the benefit of Lillian M. Wooten, the person entitled thereto. Such sum shall be paid to her, her heirs, estate representatives or assigns only after the order of a court of competent jurisdiction made only after delivery by Lillian M. Wooten, her successors or assigns of papers and documents required to be executed pursuant to the settlement made herein. Upon making such payments and filing proof of same, the executor is discharged from any further liability therefor.